UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JEFFREY I. PITEGOFF,           )
an individual,                 )
                               )
              Plaintiff,       )
                               )
v.                             )   Case No. 2:07-cv-1320-TL-RJJ
                               )
ROCKY MOUNTAIN HOSPITAL        )
AND MEDICAL SERVICE, INC.,     )
a Colorado corporation, dba    )
ANTHEM BLUE CROSS AND          )
BLUE SHIELD,                   )
                               )
              Defendant.       )

## O R D E R

On August 27, 2007, plaintiff, Jeffrey I. Pitegoff, filed an action seeking declaratory relief and damages in the District Court of Clark County, Nevada. Defendant, Rocky Mountain Hospital and Medical Service, Inc., removed the case to this court on September 28, 2007, alleging the court has diversity jurisdiction. Plaintiff is the surviving spouse of Dona R. Pitegoff. Mrs. Pitegoff was seriously injured in a car accident on April 4, 2006, and subsequently died of her injuries. Complaint at ¶ 6. At the time of her death, Mrs. Pitegoff was insured under two separate health insurance policies issued by defendant.[1] Id. at ¶ 5. Mrs. Pitegoff

---

[1] Defendant is a Colorado corporation who was doing business in Nevada as Anthem Blue Cross and Blue Shield.

was covered as a dependent under an individual policy purchased by plaintiff and was also insured pursuant to a group policy obtained through her employment as a teacher at Temple Beth Shalom in Las Vegas, Nevada.  Id.  Plaintiff claims defendant "stalled, withheld and limited payment of the substantial medical bills related to the treatment of his late wife, causing Plaintiff to suffer an onslaught of collection activity from unpaid providers which in turn tarnished and defamed Plaintiff's credit reputation."  Id. at ¶ 8.  Plaintiff presents claims for breach of contract, tortious breach of the duty of good faith and fair dealing, and breach of statutory duties.

This matter is before the court on defendant's motion to dismiss.[2]  Defendant contends the complaint must be dismissed  for failure to state a claim and for failure to exhaust administrative remedies.  Defendant first argues the complaint must be dismissed because plaintiff lacks standing to bring this action because he is not an insured under the group policy.  Second, defendant asserts plaintiff has failed to satisfy the conditions precedent to bringing this lawsuit because the administrative remedies required by the policies have not been exhausted.  In the alternative, defendant asks the court to stay this action pending arbitration.  In support of its

---

[2]Defendant filed two motions to dismiss.  The first motion (Doc. No. 5), which was filed on September 28, 2007, contains documents that are unrelated to this case.  Defendant filed a second motion to dismiss on October 1, 2007 (Doc. No. 7).  This motion is identical in substance to the first motion, but it contains the correct exhibits.  The court finds the second motion supersedes the first motion and therefore denies the first motion to dismiss as moot.

motion, defendant has provided the court with copies of the insurance policies and enrollment forms, as well as an affidavit by the person responsible for tracking appeals submitted on behalf of insureds living in Nevada. Plaintiff has filed competing affidavits and exhibits. As both parties have filed matters outside the pleadings, the court treats the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate if the pleadings, affidavits, and documents on file "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party must "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at

249-50 (citations omitted).  In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

<u>Standing</u>

In Nevada, a party lacks standing to sue an insurance company for breach of contract, bad faith, or breach of the Nevada Unfair Claims Act[3] unless the party has a contractual relationship with the insurance company.  <u>Gunny v. Allstate Ins. Co.</u>, 830 P.2d 1335, 1335-36 (Nev. 1992) (*per curiam*); <u>United Fire Ins. Co. v. McClelland</u>, 780 P.2d 193, 197 (Nev. 1989); <u>Bergerud v. Progressive Cas. Ins.</u>, 453 F. Supp. 2d 1241, 1246, 1250 (D. Nev. 2006).  It is undisputed that plaintiff has a contractual relationship with defendant with respect to the individual policy as he is the subscriber and named insured of that policy.  Exhibit A to Reply to Opposition to Motion to Dismiss or Alternatively, to Compel Arbitration.  In contrast, Mrs. Pitegoff was the only insured under the group policy.  Exhibit B to Reply to Opposition to Motion to Dismiss or Alternatively, to Compel Arbitration.  There is no evidence that plaintiff is even a beneficiary of the group health insurance policy; indeed, he is not

---

[3]NRS 686A.310.

even listed as an insured under that policy.[4]  Even if plaintiff were a third-party beneficiary of the group health insurance policy, he still would not have standing to pursue claims that defendant denied his wife's claim for benefits.  *See* McClelland, 780 P.2d at 198; Bergerud, 453 F. Supp. 2d at 1247-48.

As plaintiff does not have standing to prosecute the claims arising out of the group health insurance policy, those claims must be dismissed.  The court, however, grants plaintiff leave to amend to add the Estate of Dona F. Pitegoff as plaintiff to assert claims based on the group health insurance policy.  Plaintiff shall file the amended complaint within **fifteen (15) days** of the date of this order.

Exhaustion of Remedies

Both policies contain virtually identical sections governing complaints, appeals, and grievances[5] and provide that:

---

[4]Plaintiff is, however, listed as the beneficiary of the life insurance policy Mrs. Pitegoff obtained through her employment.  Exhibit B to Reply to Opposition to Motion to Dismiss or Alternatively, to Compel Arbitration at 2, Box 7.

[5]The only differences the court could determine were with respect to the word "voluntary" in the Appeals section.  *Compare* Level 1 Appeal in the individual policy ("This is a *voluntary* level of appeal in which the Anthem Appeal Board reviews the member's appeal and makes a determination.") *with* Level 1 Appeal in the group policy ("This is an appeal in which the Anthem Appeal Board reviews the member's appeal and makes a determination.") (emphasis added). *Compare also* Level 2 Appeal in the individual policy ("This is an appeal that has not been resolved to the member's satisfaction under the Level 1 Appeal process.") *with* Level 2 Appeal in the group policy ("This is a *voluntary* level of appeal that has not been resolved to the members' satisfaction under the Level 1 Appeal process.") (emphasis added).  Exhibit B to Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Failure to Exhaust Administrative Remedies and, to Compel Arbitration at 50; Exhibit C to Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Failure to Exhaust Administrative Remedies and, to Compel Arbitration at 57.

> Before a member takes legal action on a claim decision, the member must first follow the process outlined under the heading Appeals in this section and the member must meet all the requirements of this certificate.
>
> No action in law or in equity shall be brought to recover on this certificate prior to expiration of 60 calendar days after a claim has been filed in accordance with the requirements of this certificate.  No such action shall be brought at all unless brought within three years after claim has been filed as required by the certificate.

Exhibit C to Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Failure to Exhaust Administrative Remedies and, to Compel Arbitration at 59.  Based on this provision, defendant contends plaintiff must exhaust the administrative remedies before filing suit.  Plaintiff counters that administrative review would be futile given defendant's course of dealing and that requiring administrative exhaustion is contrary to Nevada law.

Given the parties' course of dealing, the court finds exhaustion at this stage would be futile.  At no time during the twelve months that plaintiff attempted to resolve the status of his wife's health insurance claims did defendant inform plaintiff of the need to exhaust the appeal procedure.  Affidavit of Jeffrey I. Pitegoff at ¶ 10, Exhibit 1 to Plaintiff Jeffrey I. Pitegoff's Supplement to his Opposition to Defendant Rocky Mountain Hospital and Medical Service, Inc. dba Anthem Blue Cross and Blue Shield's Motion to Dismiss Purusant to FRCP 12(b)(6).  In fact, correspondence from defendant appears to indicate that the appeal procedure is only mandatory if

the member is insured under a plan subject to the Employee Retirement Income Security Act ("ERISA").[6]  Furthermore, defendant has given no indication that it would entertain an appeal at this date, given the provision that "the member's written appeal must be received by Anthem within 180 days of the adverse benefit determination."  Exhibit B to Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Failure to Exhaust Administrative Remedies and, to Compel Arbitration at 50; Exhibit C to Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Failure to Exhaust Administrative Remedies and, to Compel Arbitration at 57.  Defendant has therefore not demonstrated that dismissal is warranted for failure to exhaust remedies.[7]

## Arbitration

Both policies also contain a provision labeled "Binding Arbitration."

> The binding arbitration provision is applicable to claims arising under all individual plans, governmental plans, church plans, plans or claims to which ERISA preemption

---

[6] *See* Exhibit 3 to Plaintiff Jeffrey I. Pitegoff's Supplement to his Opposition to Defendant Rocky Mountain Hospital and Medical Service, Inc. dba Anthem Blue Cross and Blue Shield's Motion to Dismiss Pursuant to FRCP 12(b)(6) at 5. Attached to the November 13, 2007 Explanation of Benefits is a document informing plaintiff that he has "the *right* to appeal any denied or partially denied claim by writing to us." Id. (emphasis added).  In contrast to the optional language used to describe general appeals, the document reflects that "[m]embers covered under health benefit plans sponsored by their employers and subject to the Employee Retirement Income Act of 1974 (ERISA) *must* file a Level 1 appeal concerning an adverse benefit determination before exercising their right to bring a civil action under section 502(a) of ERISA.  All other available appeal levels will be considered voluntary." Id. (emphasis added).

[7] Moreover, the cases cited by defendant for the proposition that exhaustion is a prerequisite to filing suit are distinguishable as none of the cases concerns an insured suing to recover benefits due under a health insurance plan.

> does not apply, and plans maintained outside the United States.  Any such arbitration will be governed by the procedures and rules established by the American Arbitration Association, provided however, that no formal discovery shall be allowed, unless agreed to by the parties.  Members may obtain a copy of the Rules of Arbitration by calling Anthem's customer service department.  The law of the state in which the policy was issued and delivered to the member shall govern the dispute.  The decision in arbitration is binding upon both the member and Anthem.  Judgment on the award given in arbitration may be enforced in any court that has proper jurisdiction.  In the event any person subject to this arbitration clause initiates legal action of any kind, Anthem may apply for a court of competent jurisdiction to enjoin, stay or dismiss any such action and direct the parties to arbitrate in accordance with this provision.
>
> Damages, if any, are limited to the amount of the benefit payment in dispute plus reasonable costs.  Anthem is not liable for punitive damages or attorney fees.

Exhibit B to Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Failure to Exhaust Administrative Remedies and, to Compel Arbitration at 51-2; Exhibit C to Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Failure to Exhaust Administrative Remedies and, to Compel Arbitration at 58-9.

Defendant contends this matter is governed by the Federal Arbitration Act ("FAA").  Section 3 of the FAA provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is

8

> referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Plaintiff counters that the FAA is reverse-preempted by the McCarran-Ferguson Act, 15 U.S.C. § 1012, and the Nevada Insurance Code. The McCarran-Ferguson Act specifies that:

> No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance . . . .

15 U.S.C. § 1012(b). The Nevada Insurance Code, specifically § 689B.067, provides that group insurance policies may include a provision requiring arbitration provided two conditions are met. First, "[a] member and any dependent of the member must be given the opportunity to decline to participate in binding arbitration at the time they elect to be covered by the policy." NRS § 689B.067(1)(a). Second, the policy "must clearly state that the insurer and a member or dependent of a member of the insured group who has not declined to participate in binding arbitration agree to forego [sic] their right to resolve any such dispute in a court of law or equity." NRS § 689B.067(1)(b). Defendant has not established that either condition was met in this case. There is no evidence that Mrs. Pitegoff was given the opportunity to refuse to accept the binding arbitration provision. Likewise, the

arbitration provision does not clearly reflect that the member has relinquished his or her right to bring suit in a court of law or equity. The policy's noncompliance with the statute renders the arbitration provision unenforceable. *See* Zembsch v. Superior Court, 146 Cal. App. 4th 153, 156 (Cal. App. 2007).

The court also finds the individual policy's arbitration provision unenforceable, as it is less favorable to the insured than the provisions of the Nevada Insurance Code. *See* NRS § 689A.340. Pursuant to NRS § 689A.150, an insured is permitted to bring an action to recover benefits sixty days after written proof of loss has been submitted to the insurer. Requiring an insured to submit to binding arbitration negates this right. Furthermore, although the provisions of the Nevada Insurance Code governing individual health insurance contracts do not contain a provision similar to § 689B.067, it would be anomalous to provide less protection for persons covered by individual insurance contracts than those covered by group policies.

## Conclusion

In sum, Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Failure to Exhaust Administrative Remedies and, to Compel Arbitration (Doc. No. 5) is DENIED as moot. Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Failure to Exhaust Administrative Remedies and, to Compel Arbitration (Doc. No. 7) is DENIED, except with respect to the standing issue as discussed above.

Plaintiff is given leave to file an amended complaint adding the Estate of Dona R. Pitegoff as a party plaintiff within **fifteen (15) days** of the date of this order.

It is so ordered this 19th day of March, 2008.

_____
TIM LEONARD
United States District Judge